HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID BRUBACH,

        Plaintiff,

  v.

ONEWEST BANK,

        Defendant.

CASE NO. 3:11-cv-5044 RBL

ORDER

[Dkt. # 12, 23]

THIS MATTER is before the Court on Defendant OneWest Bank's[1] Motion for Summary Judgment [Dkt. # 12] and Plaintiff David Brubach's Motion for Summary Judgment [Dkt. # 23]. Brubach stopped making payments on his first mortgage to his lender, OneWest, which reported that failure to various credit reporting agencies. Brubach sued, claiming that because his second-position lender had foreclosed and he no longer owned the property, he was no longer obligated to make payments on his promissory note to OneWest. He claims that OneWest's reporting was therefore erroneous.

---

[1] OneWest Bank's predecessor was IndyMac Bank. The Court will refer to them both as OneWest, unless otherwise stated.

ORDER - 1

1    The facts here are somewhat unusual, in that the second position private lender foreclosed
2 without notifying the senior lienholder, OneWest, and failed to pay off the first mortgage before
3 transferring the property to a third party.

4    OneWest seeks summary judgment, arguing that neither it nor Brubach did anything to
5 legally relieve Brubach from his obligation to repay the Note. Its reporting, then, was correct
6 and is not actionable. OneWest is correct, and its Motion is GRANTED. Brubach's Motion is
7 DENIED, and his claims are DISMISSED WITH PREJUDICE.

## I.    FACTUAL SUMMARY

9    In December 2000, Brubach borrowed money from Home Loan Mortgage Corporation to
10 purchase real property in Barstow, California. The loan was evidenced by a Promissory Note
11 and secured by a Deed of Trust.[2] In January 2001, Home Loan Mortgage sold Brubach's loan to
12 IndyMac. In March 2009, IndyMac dissolved and OneWest acquired IndyMac's interest in
13 Brubach's loan.

14    A few months after acquiring the first loan, Brubach borrowed money from the Sami
15 Mikhael Ostayan Revocable Trust, and gave Ostayan a second mortgage on his property.
16 Brubach stopped paying IndyMac and Ostayan in 2002. Unbeknownst to IndyMac,[3] Ostayan

---

[2] The court may properly consider the Note, Deed of Trust, Assignment of the Deed of Trust, Notice of Trustee's Sale, and other exhibits because they are referenced in the Complaint, integral to the proceedings, and their authenticity is undisputed. *Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (expressly permitting district court to consider an integral and authentic document outside the pleadings) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id*, *superseded by statute on other grounds as noted in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).

[3] Brubach did not inform IndyMac or OneWest until August 2010, that he had effectively sold the property or that Ostayan had foreclosed.

initiated foreclosure proceedings in April 2002, and scheduled a trustee's sale for August 26, 2002. In May 2002, IndyMac initiated its own foreclosure proceedings on the property and scheduled a trustee's sale for September 16, 2002.

At the trustee's sale on August 26, 2002, after Ostayan already foreclosed, it acquired the property, subject to IndyMac's first-position Deed of Trust. IndyMac rescinded its foreclosure proceedings because Ostayan cured the default and reinstated the OneWest loan. But it still did not pay off the first mortgage, and did not notify IndyMac that it had foreclosed.

Shortly after acquiring the property, Ostayan sold it to Rosa Marie Flores and Augustin Flores Ontiveros. The Floreses then made payments on Brubach's OneWest loan.[4] In 2007, Brubach ordered his credit report, which listed the IndyMac loan as an open account, but he did not challenge the reporting.

It is undisputed that OneWest never foreclosed its position on the property, that Brubach did not assign his repayment obligation to a third party (and OneWest did not consent to any assignment) and no third party assumed the repayment obligation. Brubach reviewed his credit report again and in May 2009, went into OneWest's Pasadena, California, office to challenge its loan reporting. He sent a follow-up letter to the employee he contacted, Brandi York, in September 2009. He claimed that Ostayan's foreclosure had extinguished his repayment obligation on the OneWest loan.

The same month, OneWest received a request from Equifax, TransUnion, and Experian (the three major credit reporting agencies), asking OneWest to verify the information reported about Brubach's loan account. OneWest investigated and verified the information's accuracy.

---

[4] The record does not reflect when the Floreses stopped making payments on Brubach's loan.

OneWest claims that this inquiry was the first time it was requested to investigate its reporting. In mid-2010, OneWest received another verification request, which it again investigated and verified as accurate.

In January 2011, when the OneWest loan was still not removed from his credit report, Brubach sued. He asserts claims under the Fair Credit Reporting Act and seeks $300,000 and punitive damages. Brubach claims that OneWest erroneously reported his loan as an active account following the 2002 Ostayan foreclosure and that OneWest erroneously reported late payments on Brubach's credit report following the foreclosure. He also claims that OneWest failed to properly investigate, or even respond, to the credit reporting dispute. Brubach and OneWest each seek Summary Judgment.

## II.   DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

1 which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at
2 1221.

3 OneWest argues that Brubach is still liable for the loan because OneWest never
4 foreclosed and Brubach never assigned the loan to anyone else. It argues that because Brubach
5 is still obligated to repay the loan, OneWest accurately reported the loan and the late payments to
6 the credit reporting agencies. It denies that any of its reporting was inaccurate.

7 Brubach responds that because he no longer owns the Barstow property, he is not
8 obligated to repay the OneWest loan. Brubach also argues that OneWest was required to
9 accelerate the debt when the property was sold to a third party without OneWest's written
10 consent, and that OneWest's failure to do so extinguished his obligations under the Promissory
11 Note.[5] He claims that because his repayment obligation was extinguished, OneWest's reporting
12 was inaccurate and OneWest did not sufficiently investigate his loan dispute. He claims that his
13 credit score and his ability to obtain other loans were negatively impacted. Brubach also argues
14 that IndyMac violated[6] California and federal law by allowing a junior lienholder (Ostayan) to
15 cure his default and reinstate the loan on the trustee's sale date. He argues that if IndyMac had
16 not accepted the cure and reinstatement, it would have foreclosed in 2002, releasing Brubach of
17 his liability to repay the loan.

---

[5] The deed of trust and the promissory note contained a due on sale clause, which gave the lender the option to accelerate if the property was sold or transferred without the lender's written consent. Decl. of Charles Boyle, Ex. 1 at 5 [Dkt. # 13]; Pl.'s Resp. to Mot. Summ. J., Ex. 1 at 1 [Dkt. # 17].

[6] OneWest correctly argues that even if IndyMac had breached some duty to Brubach, he has not established that OneWest is liable to him for that breach.

OneWest argues that while it had the *option* to accelerate, it had no *obligation* to do so. It also argues that it did nothing wrong in allowing Ostayan to reinstate its loan on the eve of OneWest's foreclosure sale.

**A. Brubach's Loan Obligation Was Not Conditioned on His Ownership of the Property.**

California law applies because the real property at issue is located there. Under California law, foreclosure of a junior trust deed on real property does not extinguish a first trust deed. *Kolodge v. Boyd*, 88 Cal. App. 4th 349, 356 (2001). The lender has the option of suing the borrower on the promissory note or of using the first trust deed to foreclose the new purchaser's interest in the property. *Scalese v. Wong*, 84 Cal. App. 4th 863, 869 (2000).

Ostayan's foreclosure sale proceeds were not used to satisfy the OneWest loan. Neither IndyMac nor OneWest agreed to release Brubach from his loan obligation. Brubach also did not assign the loan to a third party. Brubach, therefore, remains liable on the loan.

Brubach also relies on federal banking regulations to prove that OneWest was required to accelerate the debt and foreclose immediately after the sale. The regulations authorize lenders to include due-on-sale provisions in their residential loan contracts, which give them the option— but not the obligation— to accelerate the full debt amount upon transfer of the real property securing the debt. 12 C.F.R. 591.2(b). Brubach misreads this regulation as requiring acceleration, when it actually provides lenders the *option* to accelerate.

Accordingly, Brubach remains liable on the OneWest loan because he has not been released from liability and OneWest was not required to accelerate the debt and foreclose after the trustee's sale. Because Brubach remains liable on the OneWest loan, he cannot establish that the information reported was inaccurate or state a claim for insufficient investigation under the Fair Credit Reporting Act.

### B. Ostayan's Cure of Default and Loan Reinstatement Did Not Relieve Brubach of His Obligation to Repay His Loan.

Brubach argues that OneWest violated California law because Ostayan's loan reinstatement was untimely and Ostayan was not a party entitled to reinstate the loan. OneWest argues that a creditor can voluntarily accept a late cure and Ostayan could properly reinstate the loan as a successor in interest.

California law provides debtors a right to cure default for nonpayment and reinstate a debt secured by a deed of trust by tendering the amount currently owed at any time from "the period commencing with the date of recordation of the notice of default until five business days prior to the date of sale." Cal. Civ. Code § 2924c(e). If a debtor tenders the amount required to cure the default during the statutory time period, the creditor must accept payment and reinstate the loan. *Moeller v. Lien*, 25 Cal. App. 4th 822, 830–31 (1994). If the debtor tenders payment after the statutory time period expires, it has no right to reinstatement and the creditor can reject the payment and proceed with foreclosure. *Id.* at 833.

Brubach interprets the law as prohibiting creditors from accepting late payments. However, a creditor can choose to accept or reject a late payment under California law.

In addition, California law, not surprisingly, allows a debtor, the debtor's successors in interest in the security property, and junior lien holders to cure default for non-payment and reinstate the loan. Cal. Civ. Code § 2924c(a)(1). A junior lien holder who purchases the subject property takes the property subject to the senior lien. *Kolodge v. Boyd*, 88 Cal. App. 4th 349, 356 (2001). It therefore has a selfish interest to ensure that the senior lienholder does not foreclose and extinguish its interest.

When Ostayan foreclosed and subsequently purchased the Barstow property, it became Brubach's successor in interest. Ostayan was then allowed to, and did, cure Brubach's default and reinstate the loan.

Brubach's claim depends on his various arguments that something someone else did somehow relieved him of his obligation to repay his promissory note—which he admits he did not do. Brubach's arguments are legally incorrect. He is still obligated to repay the OneWest loan. OneWest's Motion for Summary Judgment is **GRANTED**, Brubach's Motion for Summary Judgment is **DENIED**, and his claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated this 27th day of July, 2012.

_____
Ronald B. Leighton
United States District Judge